UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWAYNE STOUTAMIRE,
Plaintiff

vs

LT. JOSEPH, et al.,
Defendants

Case No. 1:11-cv-242
Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate at the Ohio State Penitentiary and former inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 against SOCF employees Lt. Joseph, Lt. Adkins, Correctional Officer Bower, Lt. Esham, Nurse Raub, Warden Donald Morgan, Correctional Officer Walker, Correctional Officer Craft, and Lt. Ison claiming that defendants violated his rights under the Eighth and First Amendments. This matter is before the Court upon plaintiff's motion for preliminary injunction (Doc. 12) and defendants' memorandum in opposition. (Doc. 16).

Plaintiff seeks an injunction enjoining defendants from retaliating against him for filing this lawsuit. He also seeks a Court order requiring: (1) that plaintiff always be present when officers search his cell and that the search be videotaped; (2) that each time plaintiff is escorted to the segregation unit, the escort be videotaped; (3) that defendants be enjoined from harassing or retaliating against unidentified witnesses; and (4) that SOCF institute a new mail policy to ensure that plaintiff's mail is not interfered with.

In determining whether to issue a preliminary injunction, this Court must balance the

1

following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not constitute evidence supporting injunctive relief. In the absence of any evidence supporting plaintiff's motion, the motion should be denied.

Moreover, plaintiff's claims for injunctive relief are moot because he no longer resides at the Southern Ohio Correctional Facility. *Abdur-Rahman v. Mich. Dept. of Corrections*, 65 F.3d

489, 491 (6th Cir. 1995). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (citing *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). Accordingly, the Court is without jurisdiction to consider plaintiff's claims for injunctive relief.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

Accordingly, it is **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED**.

Date: 10/12/11

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DWAYNE STOUTAMIRE,
    Plaintiff

vs

LT. JOSEPH, et al.,
    Defendants

Case No. 1:11-cv-242
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Dwayne Stoutamire 532-253
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7003 2260 0002 6723 4170

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540