UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne Stoutamire, : Case No. 1:11-cv-242
:
    Plaintiff, :
:
vs. :
:
Lieutenant Adkins, et al, :
:
    Defendants. :

**ORDER**

Plaintiff Dwayne Stoutamire is an inmate at an Ohio state prison. His complaint, brought pursuant to 42 U.S.C. §1983 against a number of Defendants, generally alleges that some of the Defendants used excessive force against him, and that he received inadequate medical care, all while incarcerated at the Southern Ohio Correctional Facility (SOCF). After some of the Defendants answered his original complaint, he sought leave to file an amended complaint to add Mrs. Clagg, a medical supervisor, to Count Four of his original complaint (which had named Nurse Adkins). The Magistrate Judge granted his motion to amend, as none of the Defendants responded to it. But the Magistrate Judge then reviewed the amended claim pursuant to 28 U.S.C. § 1915(e) and recommended that Mrs. Clagg be dismissed. (Doc. 24) The Report and Recommendation accurately states that Stoutamire's amended complaint does not contain any additional factual allegations against Mrs. Clagg, and does not allege any

facts showing that Clagg actually participated in or knew about the alleged denial of medical care by Nurse Adkins and/or others. The mere fact that Clagg is a supervisor is insufficient to impose personal liability upon her under Section 1983.

Stoutamire has filed objections to the Magistrate Judge's recommendation. (Doc. 31) He argues that given his pro se status, his complaint must be liberally construed but that the Magistrate Judge would require him to "make every detailed factual allegation" at this early stage of the case. (Doc. 31 at 3) He argues that his allegation that Mrs. Clagg was "involved" and "aware" of the circumstances should be sufficient to allow his claim to proceed. And he suggests that he did not allege that Mrs. Clagg was a supervisor and there is no stipulation to that effect, so that any reliance on respondeat superior is premature.

In reviewing Stoutamire's proposed claim, the Court accepts the well-pleaded factual allegations. A claim will survive if those allegations are "... enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Court held that a claim for relief is properly alleged only if its well-pleaded factual allegations are

-2-

sufficient to state a claim for relief that is plausible on its face.  Facial plausibility requires pleading facts that permit a reasonable inference that the defendant is liable for the alleged misconduct.  If a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 556-557).

In his motion to amend his claim, Stoutamire specifically refers to Mrs. Clagg three different times as a "medical supervisor."  (See Doc. 11, Amended Complaint at pp. 1, 2 and 5)  But other than her title, Stoutamire alleges no facts that plausibly suggest that Mrs. Clagg was involved in any of the events he describes in his complaint.  In his objections, he suggests that Mrs. Clagg might be liable for rules that she was responsible for enforcing, and that other defendants may have violated those rules.  He also suggests that discovery may reveal that Mrs. Clagg was involved somehow in the denial of his medical care.  Even liberally construing the amended complaint and Stoutamire's objections to the Report and Recommendation, it is clear that he must allege facts that can plausibly support an allegation that Mrs. Clagg engaged in some intentional conduct that violated his constitutional right to adequate medical care.  As the Supreme Court made clear in Twombly and in Iqbal, it is not enough to argue that he is entitled to discovery in order to

find out if he might have a plausible claim against Mrs. Clagg. Even after the Magistrate Judge recommended that his amended complaint be dismissed because he had not alleged sufficient facts, Stoutamire has not come forward with any such facts in his objections.

And as the Magistrate Judge concluded, liability under Section 1983 cannot be based solely upon supervisory responsibilities; that liability arises only upon some active behavior on the part of each defendant, and not simply upon negligence or an alleged failure to act. See, e.g., Iqbal, 129 S.Ct. at 1948, noting that government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." As Stoutamire specifically identified Mrs. Clagg as a supervisor but does not allege any facts suggesting she engaged in any active unconstitutional conduct towards him, the amended complaint fails to plausibly state a claim against Mrs. Clagg.

For all of these reasons, the Court agrees with the recommendation of the Magistrate Judge. Stoutamire's claims against defendant Clagg are hereby dismissed. The claims against the other Defendants remain pending.

SO ORDERED.

DATED: February 28, 2012        s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge