UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWAYNE STOUTAMIRE,
    Plaintiff,

vs.

LT. JOSEPH, *et al.*,
    Defendants.

Case No. 1:11-cv-242

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary brings this civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's second motion to amend the complaint. (Doc. 32). Defendants have not filed a response.

**I. Background**

Plaintiff filed his original complaint on April 22, 2011 (Doc. 3) and amended the complaint on November 29, 2011 (Doc. 25). In Claim Four, plaintiff alleges that Nurse Adkins, a nurse at the Southern Ohio Correctional Facility (SOCF), was deliberately indifferent to his medical needs when she failed to treat him for nausea, diarrhea, vomiting, and welts and open sores on his lip beginning in July 2010. *Id.*, pp. 3, 10. Plaintiff claims he filed a sick call slip to see a doctor as a result of these symptoms but that by August 16, 2010, he had yet to receive doctor's care and filed a second sick call slip. *Id.*, p. 9. Two days later, he claims to have been seen by an unidentified nurse who took his weight and vitals. *Id.* Plaintiff alleges this nurse informed him that he would be seen by a doctor. *Id.* A week and a half later, plaintiff claims that a doctor came to SOCF but that plaintiff was not on the list of patients who received treatment. *Id.* Plaintiff further alleges that he still had welts and open sores on his lip two weeks later and again requested to see a doctor. *Id.* The next day, plaintiff claims he was seen by the

nurse again, but that she only took his weight and vitals. *Id.* Plaintiff filed another grievance because he had not been seen by a doctor and when it was denied, he filed the instant action. *Id.* Plaintiff seeks damages in the amount of $50,000.00 for Claim Four, his deliberate indifference to medical needs claim. *Id.*, p. 10.

In plaintiff's first motion to amend, he sought to add Mrs. Clagg, the medical supervisor at SOCF, as a named defendant with respect to Claim Four. (Doc. 25). In issuing an Order allowing plaintiff to amend the complaint, this Court also issued a Report and Recommendation that the claim against Mrs. Clagg be dismissed for failure to state a claim for relief and because liability for § 1983 claims cannot be based solely on one's supervisory responsibilities. (Doc. 24, pp. 1, 3). Over plaintiff's objection (Doc. 31), the Report and Recommendation was adopted by Order of the District Court on February 28, 2012. (Doc. 37). In the instant motion to amend Claim Four, plaintiff seeks to add Nurse Hill as a named defendant. (Doc. 32, p. 2). Plaintiff contends that he only recently became aware of Nurse Hill's name and that nothing has changed concerning the facts of his original complaint. *Id.*

## II. Standard of Review

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*;

2

*see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin America Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. The Motion to Amend the Complaint Should Be Denied.

Plaintiff's proposed amendment fails to allege facts which amount to a violation of his constitutional rights by the proposed defendant, Nurse Hill. In his original complaint, plaintiff names Nurse Adkins as the nurse who failed to provide him with medical care on two occasions. Nowhere in the complaint does he allege that anyone other than Nurse Adkins came to see him as a result of his sick call requests for the nausea, diarrhea, and vomiting he was experiencing, or for the welts and open sores he had on his lip. Specifically, plaintiff states that he was treated by "the nurse again" after his third sick call request and he admits that nothing has changed concerning the facts contained in his original complaint. (Doc. 3, p. 9 and Doc. 25, p. 6) Nowhere in plaintiff's complaint, nor in his second motion to amend, does he allege that anyone other than Nurse Adkins was deliberately indifferent to his medical needs. Moreover, the motion to amend provides that "nothing had changed concerning the facts in the previous complaint." (Doc. 32, p. 2). As such, plaintiff has alleged no facts from which this Court can plausibly infer that Nurse Hill was present, participated in, or knew about the alleged denial of medical care and

3

failed to take action. Therefore, allowing him to amend his complaint would be futile as the proposed amended complaint contains neither "direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid*, 859 F.2d at 436. *See also Piatt v. Collins*, 2009 WL1617091 at *2 (S.D. Ohio June 9, 2009) (motion to amend complaint denied where inmate failed to allege facts connecting defendant health care administrator to delay in medical care).

Accordingly, for the above reasons, **IT IS RECOMMENDED** that plaintiff's second motion to amend the complaint (Doc. 32) be **DENIED**.

Date: 3/15/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWAYNE STOUTAMIRE,
    Plaintiff,

vs.

LT. JOSEPH, et al.,
    Defendants.

Case No. 1:11-cv-242

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dwayne Stoutamire<br>#532-253<br>Ohio State Penitentiary<br>878 Coitsville-Hubbard Road<br>Youngstown, OH 44505 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4637 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540