# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DWAYNE STOUTAMIRE,
Plaintiff,

vs.

LT. JOSEPH, *et al.*,
Defendants.

Case No. 1:11-cv-242

Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Southern Ohio Correctional Facility (SOCF), brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's responses (Docs. 30, 40) to the Court's November 29, 2011 and February 28, 2012 Orders to Show Cause (Docs. 27, 36) why plaintiff's claims against C/O Bower, C/O Walker, and Lt. Adkins should not be dismissed for lack of service of process.

## I. Procedural Background

Plaintiff, proceeding pro se, filed his initial complaint in April 2011 against the following defendants: Lt. Joseph, Lt. Adkins, Lt. Esham, Warden Donald Morgan, C/O Craft, Lt. Ison, C/O Walker, C/O Bower, Nurse Raub, and Nurse Practitioner Mr. Adkins. (Doc. 3). To date, the following named defendants have not been served: Lt. Adkins, C/O Walker, C/O Bower, Nurse Raub, and Nurse Practitioner Adkins. With respect to Lt. Adkins, C/O Walker, C/O Bower, and Nurse Raub, the summons forms were returned unexecuted due to insufficient addresses. (Doc. 9). In September 2011, plaintiff filed a motion with the Court regarding the lack of service to Lt. Adkins, Nurse Raub, and Nurse Practitioner Adkins seeking assistance with locating these defendants and effectuating service. (Doc. 18). In response to this filing and in recognition of plaintiff's status as a pro se prisoner, the undersigned ordered the Ohio Attorney General to submit to the Court *in camera* the home addresses of Lt. Adkins and Nurse Raub and

ordered plaintiff to provide completed summons and United States Marshal Service forms for Nurse Practitioner Adkins. (Doc. 26).

The attempt to serve Lt. Adkins was unsuccessful. The record reflects that Lt. Adkins no longer resides at the address provided by the Ohio Attorney General. (Doc. 35). Likewise, the attempt to effectuate service on Nurse Raub was unsuccessful. (Doc. 44).[1]

On November 29, 2011, the undersigned ordered plaintiff to show cause why defendants C/O Bower and C/O Walker should not be dismissed from this case for failure of service. (Doc. 27). On February 28, 2012, the Court further ordered plaintiff to show cause why his claims against Lt. Adkins should not similarly be dismissed after learning that the United States Marshal Service was unable to effectuate service on Lt. Adkins at the address provided by the Ohio Attorney General. (Doc. 36).

## II. Plaintiff's Responses to the Show Cause Orders

On December 15, 2011, plaintiff submitted his response to the show cause order with respect to his failure to serve C/O Bower and C/O Walker within the time allotted by Fed. R. Civ. P. 4(m). (Doc. 30). Plaintiff asserts that "good cause" exists for not completing service on these defendants, citing his status as a pro se prisoner litigant and his inability to obtain defendants' personal addresses. Plaintiff further claims that his situation requires him to rely on the United States Marshal for effectuating service and that he is unable to do more as the defendants' employer is feigning ignorance as to whether C/O Bower and C/O Walker are employees of SOCF. Plaintiff's argument cites to the affidavit of Mary Highfield,[2] legal liaison for the Warden of SOCF. Ms. Highfield attests there is no employee at SOCF by the name of

---

[1] On November 2, 2011, plaintiff filed an "Application to enter Default" against C/O Bower, C/O Walker, Lt. Adkins, Nurse Raub, and Nurse Practitioner Adkins, erroneously asserting that they had been served and failed to timely respond to his complaint. (Doc. 21).

[2] The affidavit was submitted in connection with defendants' motion to file their answer *instanter*. *See*

2

C/O Bower and that service was not effectuated on C/O Walker because "there are multiple employees with the name of Walker and it could not be distinguished who the correct person was to receive service." (Doc. 6, p. 7, Affidavit of Ms. Highfield). Plaintiff requests that the Court allow him the opportunity to more specifically identify these individuals through the discovery process.

On March 5, 2012, plaintiff submitted his response to this Court's show cause order with respect to the lack of service on Lt. Adkins. (Doc. 40). Plaintiff's response reiterates that his inability to determine Lt. Adkins' home address is a result of his inmate status. Plaintiff argues that should the Court dismiss Lt. Adkins for lack of service, it would lead to the inequitable result of allowing prison employees to escape liability from § 1983 claims by having their employer block the service process. Plaintiff further raises concerns about the statute of limitations running on his claim against Lt. Adkins and requests that the United States Marshal attempt to serve him again at his home address. Plaintiff also requests that the Court direct the Ohio Attorney General and SOCF to assist in locating Lt. Adkins.

### III. Resolution

Under the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 120 days of filing the complaint. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, there is a special procedure for effectuating service of process. As explained by the Sixth Circuit:

> The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed. R. Civ. P. 4(c)(1). The appointed person is usually a commercial process server plaintiff has contracted with to effectuate service for a fee. In the case of a plaintiff proceeding in forma pauperis, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server. *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991). For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process *once reasonable steps have been taken to identify for the court the defendants named in the complaint*.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added).

"[A] plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshal's Service to properly effectuate service of process, *where such failure is through no fault of the litigant*." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). In *Rochon*, the plaintiff's case was dismissed, not for failure to perfect service, but for lack of prosecution resulting from his failure to make any attempts to remedy apparent service defects. *Id.* The Fifth Circuit specified that "while incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, *a plaintiff may not remain silent and do nothing to effectuate service*." *Id.* (emphasis added).

In 2005, the Sixth Circuit analyzed *Byrd*'s "reasonable steps" standard and, citing to *Rochon*, found that an *in forma pauperis* plaintiff demonstrated that he had taken "reasonable steps" to facilitate service noting that the plaintiff had initiated his own contact with the Marshals

4

Service and the Federal Bureau of Investigation regarding the lack of service on individual defendants. *See Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005). The *Abel* Court noted that the plaintiff had written "to the Marshals Service and expressed his concern 'that the complaints and summonses are hand delivered to the individual defendants in compliance with the court's rules.' The same day he copied the Marshals Service with his letter to the FBI asking the FBI to provide the Marshals Service with information as to the whereabouts of the individual defendants because 'the Marshals will need to personally serve each defendant/agent.'" *Id.* Further, the *Abel* plaintiff alerted the district court to potential service deficiencies in a court filing. *Id.* The Sixth Circuit held that, in light of the plaintiff's demonstrated diligence and representations by both the district court and the Marshals Service that all the defendants had been served, any failure to perfect service could not be contributed to the plaintiff and that his efforts demonstrated "good cause." *Id.* at 253.

In the instant case, the pertinent "good cause" inquiry requires the Court to determine whether plaintiff has taken "reasonable steps" to identify defendants C/O Bower, C/O Walker, and Lt. Adkins for the Court to facilitate service.

### A. Defendants C/O Bower and C/O Walker

The Court finds that plaintiff has failed to demonstrate "good cause" under Fed. R. Civ. P. 4(m) for the failure of service on defendants C/O Bower and C/O Walker. The record reflects that plaintiff's efforts to identify these defendants have been minimal. Plaintiff provided only the last names of the defendants in his complaint (Doc. 3) and directed that service be made on the defendants at SOCF, their place of employment. (Doc. 9). However, as previously discussed, the SOCF legal liaison attested that there was no C/O Bower employed at the facility and, further, that there were too many employees at SOCF with the last name Walker to facilitate

5

service on defendant C/O Walker. *See* Doc. 6, p. 7. Plaintiff was provided this information in June of 2011, yet did nothing to bring this to the Court's attention. *See* Doc. 6, Ex. 1, Certificate of Service. Rather, the undersigned brought this to plaintiff's attention in its November 2011 show cause order and plaintiff's response fails to demonstrate that he has taken any steps to facilitate service aside from accusing SOCF and its employees of attempting to deceive the Court. Further, despite plaintiff's representation that he will utilize the discovery process to identify these defendants, there is no evidence in the record that plaintiff has done so. *Cf. Freeman v. Collins*, No. 2:08-cv-71, 2011 WL 4914873, at *4-5 (S.D. Ohio Aug. 15, 2011) (Report and Recommendation), *adopted*, 2011 WL 4914837 (S.D. Ohio Oct. 17, 2011) (inmate plaintiff "failed to demonstrate 'good cause' within the meaning of Rule 4(m)" despite discovery requests seeking information on the defendant because the record as a whole reflected "inaction and idleness" on part of the plaintiff). Plaintiff has failed to demonstrate good cause under Rule 4(m) in light of his inaction in the instant case.

Even in the absence of good cause, courts have the discretion to provide an extension of time for service. *See Henderson v. U.S.*, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P. 4(m) (1993)). *See also Wise v. Dept. of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio 1999) ("[T]his Court concludes that it may, in its discretion, extend the 120-day period for [the plaintiffs] to effect service on the [d]efendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause."). In determining whether to grant a discretionary extension of time to effectuate service, the Court should consider the following factors:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Freeman*, 2011 WL 4914873, at *6-7 (citing *Stafford v. Franklin Cty.*, No. 2:04–CV–178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005); *Becker v. Warden Ross Corr. Inst.*, No. 2:05–CV–908, 2006 WL 2869567, at *4 (S.D. Ohio Oct. 5, 2006)).

Here, the circumstances of this case do not justify granting a discretionary extension of time to effect service on C/O Bower or C/O Walker. Considering the relevant factors above, there is no evidence that either C/O Bower or C/O Walker have actual knowledge of this litigation. The record reflects that there is no C/O Bower employed at SOCF and that there are numerous employees with the surname Walker. There is no further information from which the Court can infer that either of these defendants have actual knowledge of this lawsuit.

Further, as discussed above, plaintiff's efforts to obtain proper service of process on these defendants have been minimal. Plaintiff has not utilized the discovery process in an attempt to identify these defendants despite the pendency of this action for over one year. In addition, plaintiff's response to this Court's show cause order fails to demonstrate that any discretionary extension would be fruitful. Aside from his requests for an extension of time to determine the identities of these defendants, plaintiff has not provided the Court with a plan for locating and serving the defendants or any other evidence that he has been diligent in ensuring service is effected. Further, over four months have passed since plaintiff's response was filed, but there is no evidence in the record that plaintiff has taken any action whatsoever to facilitate service on these defendants.

Plaintiff has not engaged in any conduct demonstrating that he actively attempted to facilitate service of process on C/O Bower or C/O Walker. Though plaintiff's pro se status has been considered in making this recommendation, this status does not excuse his ignorance of the law or rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se litigants are not

7

exempt from the requirements of procedural rules in civil litigation).[3] Plaintiff has not provided any authority that supports a grant of a discretionary extension in circumstances such as these. Although dismissal may prejudice plaintiff to the extent that claims against these defendants may be barred by the applicable statute of limitations, the relevant factors justify dismissal of defendants C/O Bower and C/O Walker. Accordingly, the undersigned recommends that the complaint against defendants C/O Bower and C/O Walker be dismissed without prejudice.

## B. Lt. Adkins

With respect to defendant Lt. Adkins, the Court finds that plaintiff has demonstrated "good cause" under Fed. R. Civ. P. 4(m) for failure of service on this defendant. Plaintiff took "reasonable steps" to facilitate the initial service on Lt. Adkins by initially providing this defendant's particular rank, last name, and work address. After learning that service had not been completed on defendant Lt. Adkins, plaintiff took additional steps to rectify service. Plaintiff filed a notice with the Court in September 2011 after learning that Lt. Adkins had not been served and requested the Court's assistance in effecting service. *See* Doc. 18. Attempting to aid in this endeavour, the undersigned ordered the Ohio Attorney General to provide the home address of Lt. Adkins for *in camera* review. (Doc. 26). The Court notes that the two attempts to serve Lt. Adkins at the address provided by the Attorney General were unsuccessful: on February 23, 2012 the unexecuted summons was filed with the Court with the notation "return unexecuted – unable to forward" (Doc. 35) and on March 20, 2012 an unexecuted summons for Lt. Adkins was filed with the Court with the remarks "unable to forward – Returned to Clerk's

---

[3] The Court also notes that plaintiff has experience representing himself in pro se litigation in this District. *Stoutamire v. Dept. of Rehabilitation and Correction*, No. 2:10-cv-645 (S.D. Ohio); *Stoutamire v. Warden Southern Ohio Correctional Facility*, No. 2:10-cv-999 (S.D. Ohio). Pro se litigants that have "been a party in at least two prior lawsuits" should inquire about service issues as they relate to his duty to comply with Rule 4(m). *VanDiver v. Martin*, 304 F. Supp.2d 934, 942 (E.D. Mich. 2004).

office unexecuted." (Doc. 46). The Court strongly believes that any further attempts to serve Lt. Adkins at this address will be fruitless. However, because the SOCF legal liaison attested in June 2011 that Lt. Adkins was expected to return to work in several months, the undersigned finds that an additional attempt at serving Lt. Adkins at his work address at SOCF is warranted. Accordingly, plaintiff is granted an extension of 45 days by which to execute service on Lt. Adkins and orders the United States Marshal to serve a copy of the complaint, summons, the Court's April 22, 2011 Order (Doc. 4), and the instant Order upon defendant Lt. Adkins at the address initially provided by plaintiff in June 2011 (*i.e.*, that of SOCF). (Doc. 9, p. 3).

## IV. Remaining Service Issues

There remains some confusion with respect to effecting service on Nurse Practitioner Adkins. The docket reflects that the Clerk of Court received a completed summons form for Nurse Practitioner Adkins on December 15, 2011. On February 28, 2012, the undersigned ordered the United States Marshal to serve Nurse Practitioner Adkins with the complaint, summons, and other various filings. (Doc. 38). On March 20, 2012, the Summons for Nurse Practitioner Adkins was filed "unexecuted." (Doc. 46). However, it appears that service was mistakenly attempted on *Lt.* Adkins at his home address (Doc. 47, Summons for Lt. Adkins filed under seal) as opposed to *Nurse Practitioner* Adkins at SOCF. Consequently, through no fault of plaintiff's, Nurse Practitioner Adkins has yet to be served.

To correct this error, the Court orders that the United States Marshal serve a copy of the complaint, summons, the April 22, 2011 Order (Doc. 4), and the instant Order upon Nurse Practitioner Adkins as directed by plaintiff in the summons received by the Clerk of Court on December 15, 2011.

**V. Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED:**

1) Plaintiff is granted an extension of **forty-five (45) days** by which to execute service on Lt. Adkins;

2) The United States Marshal is **ORDERED** to serve a copy of the complaint, summons, the April 22, 2011 Order (Doc. 4), and the instant Order upon defendant Lt. Adkins at the address initially provided by plaintiff in June 2011 (*i.e.,* that of SOCF) (see Doc. 9, p. 3); and

3) The United States Marshal is **ORDERED** to serve a copy of the complaint, summons, the April 22, 2011 Order (Doc. 4), and the instant Order upon Nurse Practitioner Adkins as directed by plaintiff in the summons received by the Clerk of Court on December 15, 2011.

Further, **IT IS THEREFORE RECOMMENDED THAT** defendants C/O Bower and C/O Walker be dismissed from this matter without prejudice for lack of service of process.

Date: 4/23/2012                        s/Karen L. Litkovitz
                                                                          Karen L. Litkovitz
                                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWAYNE STOUTAMIRE,
Plaintiff,

vs.

LT. JOSEPH, *et al.*,
Defendants

Case No. 1:11-cv-242

Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).