**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DWAYNE STOUTAMIRE,                          Case No. 1:11-cv-242
        Plaintiff,

                                            Beckwith, J.
    vs.                                     Litkovitz, M.J.

LT. JOSEPH, *et al.*,                       **ORDER AND REPORT AND**
        Defendants.                         **RECOMMENDATION**

Plaintiff, a former inmate at the Southern Ohio Correctional Facility (SOCF) and now an

inmate at Ohio State Penitentiary, brings this prisoner civil rights action under 42 U.S.C. § 1983.

Plaintiff alleges that several of the individual defendant correctional officers violated his Eighth

Amendment rights by using excessive force against him. Further, plaintiff alleges that he

received inadequate medical care while incarcerated at the Southern Ohio Correctional Facility

(SOCF) in violation of his Eighth Amendment rights. This matter is before the Court on the

following:

(1) plaintiff's motion to compel discovery (Doc. 60); defendants Craft, Esham, Ison, Joseph,
    Morgan, and Hill's response in opposition (Doc. 70); and plaintiff's reply memorandum
    (Doc. 74);

(2) the State of Ohio's[1] motion to dismiss defendants Lt. Adkins and Nurse Raub for
    insufficient service (Doc. 61); plaintiff's notice regarding service on these defendants and
    defendant Nurse Hill (Doc. 76); and the State of Ohio's and defendants Craft, Esham,
    Ison, Joseph, Morgan, and Hill's response (Doc. 85);

(3) plaintiff's motion for depositions and to appoint counsel (Doc. 68); the State of Ohio and
    defendants Craft, Esham, Ison, Joseph, Morgan, and Hill's response in opposition (Doc.
    77); and plaintiff's reply memorandum (Doc. 80);

(4) plaintiff's motion for appointment of counsel (Doc. 69) and defendants Craft, Esham,
    Ison, Joseph, Morgan, and Hill's response in opposition (Doc. 72);

---

[1] The State of Ohio is not a named defendant in plaintiff's lawsuit, but has appeared and filed motions and briefs in this matter as an "interested party" pursuant to Ohio Rev. Code § 109.361 which permits the Ohio Attorney General to appear in any civil action to protect the interest of the State. Here, the State of Ohio's interest lies in its status as employer of the individual defendants. *See* Doc. 22 at 1, n.1.

(5) defendants Craft, Esham, Ison, Joseph, Morgan, and Hill's motion to strike plaintiff's reply to their amended answer to plaintiff's complaint (Doc. 79);

(6) the State of Ohio and defendants Craft, Esham, Ison, Joseph, Morgan, and Hill's motion for summary judgment (Doc. 82); plaintiff's response in opposition (Doc. 88); and the State of Ohio's and defendants Craft, Esham, Ison, Joseph, Morgan, and Hill's reply memorandum (Doc. 96);

(7) plaintiff's motion for discovery (Doc. 86); the State of Ohio and defendants Esham, Joseph, and Hill's response in opposition (Doc. 92); and plaintiff's reply memorandum (Doc. 95);

(8) plaintiff's motion to stay the motion for summary judgment (Doc. 87) and the State of Ohio and defendants Esham, Joseph, and Hill's response in opposition (Doc. 91); and

(9) plaintiff's motion for discovery. (Doc. 94).

The Court will first address the State of Ohio's motion to dismiss defendants Lt. Adkins and Nurse Raub for insufficient service.

## I. The State of Ohio's Motion to Dismiss Defendants Lt. Adkins and Nurse Raub (Doc. 61).

Plaintiff, proceeding pro se, filed his initial complaint in April 2011 against the following defendants: Lt. Joseph, Lt. Adkins, Lt. Esham, Warden Donald Morgan, C/O Craft, Lt. Ison, C/O Walker, C/O Bower, Nurse Raub, and Nurse Practitioner Mr. Adkins. (Doc. 3). Following several unsuccessful attempts at service, defendants C/O Bower and C/O Walker were dismissed for lack of service. (Docs. 50, 58). In declining to also recommend dismissal of Lt. Adkins, the undersigned granted plaintiff an extension of time to effect service in light of evidence that this defendant would be able to receive service at his work address in the near future following an extended leave of absence due to illness. *See* Doc. 50 at 8-9. To date, plaintiff has been unable to serve either Lt. Adkins or Nurse Raub with summons and copies of his complaint.[2]

---

[2] A detailed explanation of the various service issues in this case is included in this Court's April 24, 2012 Report and Recommendation (Doc. 50) and will not be recounted here.

The State of Ohio (Ohio) now moves to dismiss Lt. Adkins and Nurse Raub from this case pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely effect service under Rule 4(m).  (Doc. 61).[3]  In support, Ohio notes the history of service issues in this case, including the prior dismissal of defendants C/O Bower and C/O Walker, and the fact that plaintiff has been unable to effect service on Lt. Adkins or Nurse Raub despite having filed his suit over a year ago.  Further, Ohio contends that plaintiff is unable to establish "good cause" under Fed. R. Civ. P. 4(m) which would justify granting him any further leniency in serving these defendants.  Plaintiff asserts that he has been diligent in attempting to serve Lt. Adkins and Nurse Raub and requests the Court further assist him and provide their home addresses so that he may employ a private process server.  For the following reasons, the undersigned recommends that Ohio's motion to dismiss Lt. Adkins and Nurse Raub be granted for failure to effect timely service.

Rule 12(b)(5) provides that insufficient service of process is a "defense to a claim for relief in any pleading" that may be asserted by motion.  Fed. R. Civ. P. 12(b)(5).  Under Rule 4, plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Courts have discretion in determining whether to provide an extension of time for service in the absence of a showing of "good cause."  *Henderson v. U.S.*, 517 U.S. 654,

---

[3] While plaintiff has not filed a formal response to the motion to dismiss, he did file a notice regarding the lack of service on Lt. Adkins and Nurse Raub which, given plaintiff's pro se status, the Court will construe as a response in opposition.  *See* Doc. 76.  Likewise, the State of Ohio and defendants' response thereto will be considered a reply brief to the instant motion.  *See* Doc. 85.

662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P. 4(m) (1993)). *See also Wise v. Dept. of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio 1999) ("[T]his Court concludes that it may, in its discretion, extend the 120-day period for [plaintiffs] to effect service on the [d]efendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause.").

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In light of plaintiff's lessened burden, the pertinent inquiry is whether plaintiff has taken "reasonable steps" to identify defendants Lt. Adkins and Nurse Raub for the Court to facilitate service.

In this case, the record reflects that when plaintiff initiated this lawsuit, he identified both defendant Lt. Adkins and Nurse Raub as employees of the Southern Ohio Correctional Facility (SOCF) to facilitate service by the U.S. Marshals Service. *See* Doc. 9 (initial summons identifying SOCF as appropriate service address). Plaintiff notified the Court when service was not effected on these defendants and requested the Court's assistance. (Doc. 18). Because of the inherent security concerns with disclosing a prison employee's home address to a prison inmate, the undersigned ordered the Ohio Attorney General to submit to the Court *in camera* the home addresses of defendants Lt. Adkins and Nurse Raub in order to facilitate service on these defendants. (Doc. 26 at 1-2). However, subsequent service attempts at both defendants' homes were unsuccessful. (Docs. 44, 98). Notably, Mary Highfield, legal liaison for SOCF, attested that service for Lt. Adkins at SOCF failed because Lt. Adkins "was on extended sick leave from the institution and is not expected to return to work for several months[,]" (Doc. 6 at 7,

4

Declaration of Mary Highfield); yet, on September 13, 2012, an April 2012 summons form for Lt. Adkins was returned unexecuted with the notation that he was "no longer employed at [SOCF]." (Doc. 98 at 3).

Although plaintiff has identified Lt. Adkins and Nurse Raub as defendants in this case, service of process has not been effected on either defendant despite numerous attempts to do so. The United States Marshal's Service has tried repeatedly to locate these defendants and serve them with process, albeit without success. Plaintiff has provided no alternative addresses for these defendants or any other indication of where these defendants might be located to again attempt service on them. The Court cannot be expected to effectuate service on a defendant in the absence of this information. As one court has observed:

> It is not the responsibility of either a district court, or of any defendant who has been served with process, to track down new addresses of any defendants who have not been served, or take other affirmative steps to ascertain addresses or whereabouts of any unserved defendants to ensure that they are served either in the proper manner or in the proper time frame.

*Portman v. Wilson*, No. 10-169, 2011 WL 4527900, at *6 (E.D. Ky. Sept. 28, 2011) (citations omitted). The Court is not obligated to order the re-service of an *in forma pauperis* complaint on defendants for whom neither the inmate nor state corrections department has a current address. The Sixth Circuit "has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated. . . ." *Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007). The time period set forth in Rule 4(m) has long since expired as to defendants Lt. Adkins and Nurse Raub and the Court finds that further attempts to locate these defendants would be futile. Therefore, dismissal of defendants Lt. Adkins and Nurse Raub under Rule 4(m) is warranted.

## II. Pending non-dispositive motions (Docs. 60, 68, 69, 86, 87, 94)

There are six pending non-dispositive motions before the Court.  As some of the motions regard plaintiff's request for discovery, the Court will address these before reaching defendants' motion for summary judgment.

A. Plaintiff's Motion to Compel (Doc. 60)

Plaintiff seeks an order compelling responses to several of his requests for production of documents which he contends are relevant and reasonably calculated to lead to the discovery of admissible evidence.  Defendants argue that plaintiff's motion must be denied because plaintiff failed to confer with defendants prior to filing the motion and to include a good faith certification in his motion in accordance with Fed. R. Civ. P. 37.

Under Rule 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests.  Rule 37(a)(1) provides:  "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.* (emphasis added).  Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

Plaintiff's motion fails to include the necessary certification that plaintiff conferred or attempted to confer with defendants about the instant discovery dispute prior to filing his motion to compel with the Court.  Nor is there any indication from plaintiff's motion that the parties attempted to resolve this dispute prior to the filing of the motion seeking the Court's

6

intervention.  The obligation of the parties "to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court. " *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010).  *See also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality.  On the contrary, it has been the Court's  experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court.").  The Court therefore denies plaintiff's motion to compel for his failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

      B. Plaintiff's motion to take depositions (Doc. 68)

Plaintiff seeks an order permitting him to take the depositions of Lt. Joseph, Lt. Esham, and Lt. Adkins.  Plaintiff's motion proposes that he be permitted to depose these defendants using videoconference technology which he asserts exists at Ohio's prisons.

Generally, a party does not need leave of Court to take depositions.  *See* Fed. R. Civ. P. 30(a)(1).  While leave of court is required if the *deponent* is incarcerated, Fed. R. Civ. P. 30(a)(2)(B), here the defendant-deponents are not imprisoned.  Therefore, plaintiff was not required to seek the Court's permission to depose the defendants in this case.  Plaintiff was simply required to service notices of the depositions under Fed. R. Civ. P. 30(b)(1), which he failed to do.  Therefore, as a procedural matter, plaintiff's motion must be denied.

In any event, defendants object to the taking of depositions on oral examination because plaintiff's request raises serious issues concerning supervisory control, prison order, and security. (Doc. 77 at 2).  The Court finds the objection well-taken in light of the specific evidence of

7

plaintiff's prison disciplinary history and the threat to the security and orderly operation of the prison posed by the depositions of defendants by plaintiff. *See* Doc. 70, Ex. 1, Nowak Decl., ¶¶ 4-8. *See also In re Wilkinson*, 137 F.3d 911 (6th Cir. 1998). Finally, plaintiff has had ample opportunity to conduct alternative methods of discovery on defendants through interrogatories, requests for document production, and depositions by written questions under Fed. R. Civ. P. 31. Accordingly, plaintiff's motion is denied.

### C. Plaintiff's motion for assistance of counsel (Doc. 69)

Following receipt of defendants' notice to take plaintiff's deposition, plaintiff filed the instant motion requesting appointment of counsel to represent him during the deposition.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel (Doc. 69) is denied.

### D. Plaintiff's motion for discovery (Doc. 86)

Plaintiff's motion for discovery was filed in August 2012, shortly after defendants filed their motion for summary judgment and concerns only discovery on plaintiff's deliberate

indifference to medical needs claim against defendant Nurse Hill. Plaintiff requests permission to conduct discovery regarding defendant Hill given that she was not named as a party until May 2012, when plaintiff filed his amended complaint. Plaintiff claims he should be permitted to re-open discovery for defendant Hill because he did not have an opportunity to engage in relevant discovery prior to the discovery deadline. Plaintiff seeks discovery about the medical treatment defendant Hill provided, how she handled plaintiff's medical complaints, and what policies govern medical treatment at SOCF. *See* Doc. 86 at 4. For the following reasons, plaintiff's request is denied.

A party requesting a continuance for additional discovery under Rule 56(d) must "show by affidavit or declaration that, for specific reasons, it cannot present facts essential" to opposing a motion for summary judgment. Fed. R. Civ. P. 56(d). The party seeking an extension of time must show the need for discovery, the material facts to be discovered, and the reasons for not previously discovering the information. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (construing former Rule 56(f)).[4]

The record demonstrates that defendant Hill was named as a defendant on May 21, 2012 (Doc. 56), one month prior to the June 22, 2012 close of discovery. (Doc. 28). Yet, plaintiff waited until after the close of discovery and the receipt of defendants' summary judgment motion to seek this discovery. Plaintiff does not explain why he did not issue any discovery requests to defendant Hill after her entry into this case, but before the June 22, 2012 discovery deadline. Further, plaintiff provides no explanation for not requesting the specific discovery he now seeks, such as information related to his medical file and/or SOCF policies governing medical treatment, which he could have discovered prior to the identification of Nurse Hill as a

---

[4] The section governing continuances for lack of evidence under Rule 56 was formerly found at subsection (f), but was amended in 2010 and is now found at subsection (d). *See* Fed. R. Civ. P. 56, Advisory Committee Notes

defendant and before the discovery deadline.  While plaintiff could not have issued

interrogatories to defendant Hill prior to naming her as a defendant, plaintiff had an opportunity

to either issue the discovery once she was served with the complaint or to request an extension of

the discovery deadline in light of the late addition of defendant Hill.  Plaintiff failed to take either

course and now, after discovery has closed and defendants have filed their dispositive motion, he

seeks to have the Court remedy his lack of prosecutorial diligence.  Moreover, plaintiff's motion

and attached affidavit fail to set forth the material facts he hoped to uncover and why those facts

would preclude summary judgment. *Cacevic,* 226 F.3d at 488.  In light of plaintiff's failure to

diligently pursue his legal claims or set forth a sufficient basis as required by Fed. R. Civ. P.

56(d) for re-opening discovery, plaintiff's motion is denied.

    E. Plaintiff's motion to stay summary judgment (Doc. 87)

Plaintiff requests that the Court stay its ruling on defendants' motion for summary

judgment pending the Court's resolution of his motions to compel discovery (Doc. 60) and to

take depositions (Doc. 68).  Given the above rulings on these motions, plaintiff's motion to stay

summary judgment is denied as moot.

    F. Plaintiff's motion to conduct discovery (Doc. 94)

Plaintiff's last discovery motion again seeks to re-open discovery with respect to

defendant Hill.  Plaintiff's motion is essentially a repeat of his previous motion to re-open

discovery, Doc. 86, discussed above.  For the reasons stated above, plaintiff's second motion to

conduct discovery regarding defendant Hill is denied.

    G. Defendants' motion to strike (Doc. 79)

Plaintiff's second amended complaint naming defendant Nurse Hill was filed on May 21,

2012. (Doc. 56).  Defendant Hill filed a timely answer (Doc. 67) and plaintiff filed a reply (Doc.

(2010).

75), which is the subject of the instant motion. Defendants move to strike plaintiff's reply to defendant Hill's answer as it does not comport with Fed. R. Civ. P. 7.

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Included in Rule 7(a)'s definition of a pleading is "a reply to an answer" if ordered by the court. Fed. R. Civ. P. 7(a). By the plain language of the rule, a reply to an answer is not appropriate unless ordered by the court. *Id.* Here, plaintiff filed a reply to defendant Hill's answer in the absence of any such order. Consequently, plaintiff's filing is not permitted by the Federal Rules of Civil Procedure and defendants' motion to strike plaintiff's reply is granted.

Having resolved all pending non-dispositive motions, the Court now turns to defendants' motion for summary judgment.

### III. Motion for Summary Judgment by Ohio and the Individual Defendants (Doc. 82)

Ohio and the individual defendants move for summary judgment on all of plaintiff's claims asserting immunity to suit under the Eleventh Amendment and the Ohio Constitution for plaintiff's claims against them in their official capacities and, further, that there is no genuine issue of material fact as to plaintiff's claims against them in their individual capacities. Defendants' motion is supported by affidavit evidence, plaintiff's deposition testimony, and various institutional records, including plaintiff's medical records. In response, plaintiff contests defendants' factual accounts regarding his individual capacity claims but does not address the defendants' official capacity immunity arguments. Plaintiff's arguments are supported by plaintiff's own declaration. For the following reasons, the undersigned recommends that defendants' motion for summary judgment be granted in part and denied in part.

11

A. Introduction

Plaintiff filed this lawsuit *in forma pauperis* on April 20, 2011, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff names employees of SOCF as defendants; plaintiff is suing all named defendants in their individual and official capacities. (Docs. 3, 56). Pursuant to this Court's *sua sponte* review and ruling on plaintiff's motion to file a second amended complaint, as well as the parties' stipulation of dismissal of plaintiff's Claim Three, plaintiff's only remaining claims involve defendants Lt. Joseph, Lt. Adkins, Lt. Eshem, Nurse Raub, and Nurse Hill. *See* Docs. 37, 54, 84. Plaintiff alleges that Lt. Joseph, Lt. Adkins, and Lt. Eshem violated his Eighth Amendment rights by assaulting him during his transfer from Mansfield Correctional Institution to SOCF. (Doc. 3 at 5-6). Plaintiff further alleges that Nurse Raub and Nurse Hill violated his Eighth Amendment rights by failing to provide him sufficient medical care and demonstrating deliberate indifference to his serious medical needs. (Doc. 3 at 6, 9; Doc. 56 at 5-6). Defendants now move for summary judgment on plaintiff's remaining claims.

B. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of

12

the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at

255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court

need not view the facts in the light most favorable to the nonmoving party if that party's version

of events is "blatantly contradicted by the record, so that no reasonable jury could believe it."

*Scott v. Harris*, 550 U.S. 372, 380 (2007).

When a defendant has identified the shortfall in a plaintiff's case, the plaintiff must come

forward with evidence establishing a material issue of fact for resolution by the fact-finder.

*Anderson*, 477 U.S. at 252. The Court is not obligated to "comb through the record to ascertain

whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483,

492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir.

1992)).

The court is not to weigh the evidence and determine the truth of the matter but is to

decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine

issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return

a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely

colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative,

*Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

C. Resolution

Defendants and Ohio assert that plaintiff's claims fail as a matter of law and that

summary judgment in their favor is appropriate as plaintiff's claims against them in their official

capacities are barred by the Eleventh Amendment and, further, because there is no genuine issue

of material fact as to plaintiff's individual capacity claims. The Court will first address

defendants' official capacity argument.

It is well settled that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Cowan v. University of Louisville School of Medicine,* 900 F.2d 936, 940 (6th Cir. 1990) (quoting *Quern v. Jordan,* 440 U.S. 332, 337 (1979)), *overruled on other grounds by Hafer v. Melo,* 502 U.S. 21, 27 (1991); *see also Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment serves to prohibit a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Cowan,* 900 F.2d at 940; *see also Atascadero State Hospital v. Scanlon,* 473 U.S. 234. 238 (1985).  Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983, *see Will v. Mich. Dept. of State Police,* 491 U.S. 58, 66-67 (1989) and *Quern,* 440 U.S. at 340-41, and the State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts, *see Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.), *cert. denied,* 474 U.S. 824 (1985), and *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982).  A suit against defendants in their official capacity would, in reality, be a way of pleading the action against the entity of which defendants are agents, *i.e.*, the State of Ohio. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacity are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  Therefore, defendants in their official capacities are immune from a suit for damages under the Eleventh Amendment. *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011). *See also Thiokol Corp. v. Dept. of Treasury, State of Mich.,* 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "also bars

14

suits for monetary relief against state officials sued in their official capacity"). Accordingly, plaintiff's damages claim against all defendants in their official capacities should be dismissed.

In addition to monetary damages, plaintiff requests injunctive relief. Specifically, plaintiff requests "a permanent injunction to require [SOCF] to require [him] if [he] ever to be in a 4A or 4B status that [he is] never to come to [SOCF] but as long as a 4A or 4B is in Ohio State Penitentiary [he is] required to do [his] time there." (Doc. 3 at 7).[5] It appears that plaintiff seeks prospective injunctive relief in the form of a Court order prohibiting the Ohio Department of Rehabilitation and Correction (ODRC) from transferring plaintiff back to SOCF in the event that plaintiff is classified as Level 4A or 4B, a heightened security classification. *See* http://www.drc. ohio.gov/web/drc_policies/documents/53-CLS-01.pdf (ODRC policy outlining the various levels of inmate security classification) (last visited Dec. 12, 2012).

The Eleventh Amendment does not bar prospective injunctive or declaratory relief against state officials, even though such relief may have an ancillary effect on the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Edelman v. Jordan*, 415 U.S. 651, 667-668 (1974); *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994); *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1105-1106 (6th Cir. 1990). While claims for prospective injunctive relief are permissible, a requirement for such claims is that the official against whom the relief is sought has "a direction connection to, or responsibility for, the alleged illegal action." *Davidson v. Scully*, 148 F. Supp.2d 249, 254 (S.D.N.Y. 2001). The Court is also mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint

---

[5] Plaintiff also requested a permanent injunction as part of his relief for his claim against prior defendants Warden Donald Morgan and Correctional Officers Walker and Craft. (Doc. 3 at 10). However, plaintiff voluntarily dismissed this claim in July 2012 (Doc. 84); thus, his related request for injunctive relief is likewise dismissed.

is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Here, plaintiff's allegations are that defendants Joseph, Adkins, and Eshem violated his constitutional rights by using excessive force against him and that defendants Nurse Raub and Nurse Hill were deliberately indifferent to his medical needs. Plaintiff's request for injunctive relief does not seek an order prohibiting these individuals from engaging in future unconstitutional behavior but, rather, seeks to prohibit the ODRC as an institution from transferring him back to SOCF, where these individuals are employed. As plaintiff's requested prospective relief is not directed at the officials or individuals who are responsible for the allegedly illegal action, his request for an injunction should be denied. *Davidson*, 148 F. Supp.2d at 254.

The Court now turns to plaintiff's remaining claims of excessive force and deliberate indifference against the defendants in their individual capacities.

Claim One of the complaint alleges that defendants Joseph and Eshem violated plaintiff's Eighth Amendment rights by assaulting him upon his arrival at SOCF.[6] In support of his excessive use of force claim, plaintiff presents his affidavit in which he attests that on April 16, 2010, he was being transferred to SOCF from the Mansfield Correctional Institution. (Doc. 89 at 25). Prior to reaching SOCF, there was a layover at the Correctional Medical Center (CMC) where plaintiff got into a disagreement with a correctional officer. *Id.* Later, upon his arrival at SOCF, while plaintiff was handcuffed and in leg restraints, defendants Joseph and Eshem instructed plaintiff to remain on the transfer bus while the other inmates were unloaded. *Id.*

---

[6] Although plaintiff alleges that other individuals participated in the excessive use of force against him, these defendants have been dismissed from this case. As indicated above, the undersigned recommends that defendant Adkins be dismissed for lack of service. Therefore, the Court will analyze plaintiff's excessive use of force claim as to defendants Joseph and Eshem only.

16

Once plaintiff was the sole remaining inmate on the bus, these defendants, along with a third-party, punched and assaulted plaintiff with their fists and nightsticks, hitting him on his face and body in retribution for plaintiff's disagreement with the CMC correctional officer. *Id.* Plaintiff curled into a ball to avoid being injured, yet the defendants pulled his legs and continued to assault and threaten to kill him. *Id.* at 25-26. Plaintiff states that defendants, while using racial epithets, told him if he "hit another C/O they would kill me" and that Lt. Joseph stated, "Welcome to Lucasville . . . . Did you learn your lesson on putting your hands on C/Os?" *Id.* at 26. Plaintiff states that when he got up from the bus seat, C/O Bower stated "'that wasn't enough' so he hit me in my genitals and then spit on me." *Id.* Plaintiff avers that he suffered a bleeding knot on his head, bruises on his ribs, legs, and arms, and injuries to his eyebrow, nose, and lips. *Id.*

Defendants assert that plaintiff's account of his transfer to SOCF is entirely fabricated and that no force whatsoever was used against plaintiff by any defendant on April 16, 2010. In support, defendants proffer affidavit evidence from defendants Eshem and Joseph and non-party SOCF employees Everett Pollard and Linnea Mahlman. Defendants Eshem and Joseph and Mr. Pollard attest that no force was used against plaintiff by defendants or any other SOCF employee while he was on the transfer bus on April 16, 2010. (Doc. 82, Ex. 1, ¶¶ 6-7, Declaration of Everett Pollard; Doc. 82, Ex. 1, ¶¶ 6-7, Declaration of Edgel Eshem; Doc. 82, Ex. 3, ¶¶ 6-7, Declaration of Jason Joseph). Ms. Mahlman attests that she interviewed plaintiff on April 26, 2010, pursuant to his complaints of being assaulted and saw no visible injuries on plaintiff's face at that time. (Doc. 82, Ex. 4, ¶ 7, Declaration of Linnea Mahlman). Plaintiff's medical records from April 16, 2010 include plaintiff's statement that he "got hit" and defendant Raub's examination findings that plaintiff had a 2.5 centimeter bump on the right side of his forehead

17

and +2 edema. (Doc. 82, Ex. 4 at 18). The record further includes defendant Raub's notation that plaintiff was offered topical antibiotic ointment, a bandage, and ibuprofen which plaintiff refused. *Id.* Defendants assert that this evidence, as well as the investigative findings of Ms. Mahlman, demonstrate that plaintiff's claim that defendants Joseph and Eshem used excessive force against him is fabricated and supports granting summary judgment in their favor.

The Eighth Amendment prohibition against cruel and unusual punishment governs an inmate's claim of excessive force. *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995); *Cornwell v. Dahlberg*, 963 F.2d 912, 915-916 (6th Cir. 1992). To state a claim for excessive force, the inmate must establish that the force was applied maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 501 U.S. 1, 7 (1992); *Pelfrey*, 43 F.3d at 1037; *Caldwell v. Moore*, 968 F.2d 595, 599-601 (6th Cir. 1992). In making this determination, a court must consider the reasons for the use of force, the type and amount of the force used, and the extent of the injury inflicted. *See Hudson,* 501 U.S. at 7; *Whitley v. Albers*, 475 U.S. 312, 320-322 (1986); *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).

An inmate may suffer a violation of his Eighth Amendment rights even though he did not suffer a serious injury at the hands of corrections officers. *Hudson*, 501 U.S. at 9-10. The extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321. The Eighth Amendment does not prohibit a *de minimis* use of force "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 10. What constitutes a *de minimis* use of force depends upon

the circumstances of each case. "[T]he core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. For example, a guard who needlessly beats a handcuffed, submissive prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate inflicts injuries that are more than *de minimis* for Eighth Amendment purposes. *Id.* at 10. *See also Moore v. Holbrook*, 2 F.3d 697 (6th Cir. 1993).

This Court concludes that the foregoing conflicting versions of what occurred on April 16, 2010 represent issues of material fact which preclude the granting of summary judgment for defendants on plaintiff's excessive force claim. Under plaintiff's version of the events, the defendants' use of force against him was malicious as they assaulted him in retaliation for plaintiff's prior conflict with a correctional officer at CMC. In contrast, defendants present affidavit evidence that no force whatsoever was used against plaintiff during his transfer to SOCF. Notably, the medical records documenting plaintiff's head injury and edema tend to support plaintiff's claims that, contrary to defendants' claim of no force, some force was used against plaintiff.[7] Regardless, resolution of this conflict is properly the province of the jury.

Viewing the facts and evidence in the light most favorable to plaintiff, *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a jury could reasonably infer that plaintiff received injuries as a result of defendants' use of force which was intended to inflict harm on plaintiff in retaliation for plaintiff's prior conflict with a CMC correctional officer. Summary judgment in favor of defendants is not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness

---

[7] In light of this evidence of plaintiff's head injury, the Court cannot conclude that plaintiff's version of the facts is "blatantly contradicted by the record" so as to justify granting summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that summary judgment for defendant was appropriate where plaintiff's version of the facts were contradicted by videotape evidence).

in the infliction of pain." *Whitley*, 475 U.S. at 322. In considering the reasons for defendants'
use of force, the type and amount of the force used, and the extent of the injury inflicted, *see
Whitley*, 475 U.S. at 320-322; *Moore*, 2 F.3d at 700, a fair minded jury could return a verdict for
plaintiff on his Eighth Amendment excessive force claim. *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 252 (1986). Thus, the undersigned recommends that defendants' motion for summary
judgment on plaintiff's excessive use of force claim be denied.

Plaintiff's remaining claims, Claims Two and Four, involve his allegations that Nurse
Raub and Nurse Hill were deliberately indifferent to his serious medical needs. For Claim Two,
involving Nurse Raub,[8] plaintiff alleges that on April 16, 2010, subsequent to defendants Joseph,
Adkins, and Eshem's unlawful use of force against him, he was seen by defendant Nurse Raub
for an intake evaluation and that defendant Raub was aware that he was wounded but failed to
provide him sufficient medical treatment in deliberate indifference to his serious medical needs.
(Doc. 3 at 6). Again, plaintiff supports his claim of deliberate indifference by way of his own
affidavit. Plaintiff attests that at his intake evaluation, he asked defendant Raub to examine the
wounds he received as a result of defendants Joseph, Adkins, and Eshem's unlawful use of force.
(Doc. 89 at 26). Plaintiff further attests that defendant Raub informed him that she could not
treat plaintiff at that time as she was performing only standard intake evaluations, but that she
would return to his cell with proper treatment materials later. *Id.* at 27. Plaintiff states that
defendant Raub never returned to treat him and that despite requests for treatment from nurses
passing by, he never received medical treatment for his injuries. *Id.*

---

[8] As discussed above, the undersigned recommends that plaintiff's complaint be dismissed as to Nurse
Raub for lack of service of process. In the alternative, for the reasons discussed herein, the undersigned
recommends that summary judgment be granted on plaintiff's Eighth Amendment deliberate indifference claim
against Nurse Raub.

Defendants argue that plaintiff's Claim Two against defendant Raub should be dismissed as the evidence of record is inconsistent with plaintiff's purported injuries and that his assertion that he did not receive treatment is contradicted by medical records. In support, defendants rely on the affidavit of Roseanna Clagg, the Health Care Administrator for SOCF and a licensed registered nurse, as well as an April 16, 2010 record of plaintiff's medical treatment. (Doc. 82, Ex. 5).[9] Ms. Clagg attests that the Medical Exam Report contained in plaintiff's file demonstrates that defendant Raub assessed plaintiff upon his arrival at SOCF on April 16, 2010. *Id.* at 1, ¶ 6. As stated above, the Medical Exam Report includes defendant Raub's finding of a 2.5 centimeter bump on plaintiff's right forehead and a notation that plaintiff was offered ointment, a bandage, and ibuprofen which he refused. (Doc. 82, Ex. 4 at 18).

In order to establish his claim for relief under 42 U.S.C. § 1983 for a denial of medical care, plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009).

An inmate who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seizer*, 501 U.S. 294, 297-300 (1991). *See also Spears*, 589 F.3d at 254.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). "[O]nly those

---

[9] Notably, there is no affidavit evidence from defendant Raub who Ms. Clagg avers is no longer an SOCF employee. *Id.* at 2, ¶ 7.

deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendant Raub acted with deliberate indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendant ignored a known risk of harm. *Farmer,* 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Applying these standards to the instant case, the Court concludes that plaintiff fails to establish his Eighth Amendment claim against Nurse Raub.

Plaintiff has failed to meet either the objective or subjective component of his deliberate indifference claim. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person."

*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore,* 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cty., Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). Unlike cases where the seriousness of the injury or illness is obvious to even a lay person, here the seriousness of the purported delay in treating plaintiff's bump and bruises cannot be discerned without competent medical proof. *Blackmore*, 390 F.3d at 899.

Plaintiff fails to present evidence showing he suffered from a sufficiently serious medical need. Plaintiff states that he suffered a knot in his head, abrasions to his nose and lips, and bruises upon arrival at SOCF. However, plaintiff fails to provide any medical or other evidence showing that his purported maladies required medical care.[10] Without any medical evidence substantiating that plaintiff's bruises and lacerations amounted to a serious medical condition, plaintiff fails to establish the objective component of his deliberate indifference claim.

Assuming for the purposes of the instant motion that plaintiff had demonstrated that his injuries were a serious medical need, thus satisfying the objective component of his deliberate indifference claim, plaintiff nevertheless fails to establish the subjective component. Plaintiff's affidavit states that defendant Raub was informed of his injuries, asked plaintiff how his injuries were sustained, and informed plaintiff that she would return later with proper supplies to treat him. (Doc. 89 at 26-27). Assuming that defendant Raub did not provide plaintiff with the treatment options of ointment, a bandage, and ibuprofen as indicated in the April 16, 2010 medical record, plaintiff presents no evidence that defendant Raub knew plaintiff faced a

---

[10] The Court acknowledges that while plaintiff has asserted that he was denied access to medical records necessary to evidence his alleged lack of medical care, plaintiff's arguments in this regard pertain only to Count

substantial risk of serious harm and ignored that risk by not treating him. *Farmer*, 511 U.S. at 847. Defendants' evidence shows that plaintiff had only a minor bump on his forehead and bruises, but no injuries that required immediate medical treatment. (Doc. 82, Ex. 4 at 18). On the other hand, the only evidence provided by plaintiff is his affidavit stating that he told defendant Raub that he was assaulted by SOCF employees. (Doc. 89 at 26-27). Under these circumstances, plaintiff's evidence establishes nothing more than a difference of opinion between plaintiff and his nurse as to whether any medical treatment was necessary which is insufficient to constitute deliberate indifference to medical needs. *See Estelle*, 429 U.S. at 107-08; *Westlake*, 537 F.2d at 860-61 n.5. *See also Cirilla v. Kankakee Cty. Jail*, 438 F. Supp.2d 937, 946 (C.D. Ill. 2006) (citing *Zentmyer v. Kendall Cty., Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (failure to treat minor scrapes and bruises is not a constitutional violation). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5.

At the summary judgment stage, plaintiff is required to present verifiable medical evidence of harm resulting from the lack of medical treatment for his purported injuries and that such harm was attributable to defendant Raub. Plaintiff has failed to do so. Consequently, plaintiff has failed to demonstrate that his deliberate indifference claim against defendant Raub in Claim Two rises to the level of a constitutional violation. For these reasons, defendants' motion for summary judgment on plaintiff's Claim Two against defendant Raub should be granted.

Likewise, defendants' motion for summary judgment on plaintiff's remaining deliberate indifference claim against defendant Nurse Hill, Claim Four, should be granted. Plaintiff alleges

---

Four, his deliberate indifference claim against defendant Nurse Hill. *See* Docs. 86, 94.

that in July 2010 he became sick with nausea, diarrhea, vomiting, and welts and sores on his lips. (Doc. 56 at 5). Plaintiff further alleges that he reported his illness and was attended to by defendant Hill who took his weight and vitals and informed him that he would be seen by a doctor later. *Id.* Plaintiff alleges that he was not treated by a doctor and, still experiencing sores and welts on his lips, was again attended to by defendant Hill who, again, only took plaintiff's vital signs and weight. *Id.* Plaintiff claims that he did not see a doctor for months and that this denial of medical treatment amounts to deliberate indifference to his medical needs. *Id.* Plaintiff supports this claim with his own affidavit, in which he recounts substantially the same facts he alleges in his amended complaint. *See* Doc. 89 at 27-28.

Defendants contend they are entitled to summary judgment on plaintiff's deliberate indifference claim against defendant Hill because the undisputed evidence of record demonstrates that plaintiff was treated throughout the period he claims he was denied medical care. In support, defendants cite to the affidavit of Ms. Clagg who attests that she was informed of plaintiff's illness in August 2010 when plaintiff filed an Informal Complaint Resolution (IRC) form. (Doc. 82, Ex. 5, ¶ 12). *See also* Doc. 82, Ex. 5 at 5 (August 20, 2010 IRC form containing plaintiff's report of illness and lack of treatment). Ms. Clagg further attested that plaintiff's medical file includes records that plaintiff was treated by defendant Hill on August 16, 2010 and given medication. *Id.* at ¶¶ 1, 5, 13. Moreover, with regard to plaintiff's lip sores and welts, Ms. Clagg states that plaintiff's medical file demonstrates that plaintiff was treated on October 5, 2010 at which point his medical issues were treated and resolved. *Id.* at 15.

In their reply brief, defendants include the affidavit of defendant Hill in which she states that she treated plaintiff during his incarceration at SOCF. (Doc. 96, Ex. 1 at 1, ¶¶ 4-5). Defendant Hill attests that after receiving plaintiff's August 12, 2010 request for medical

treatment for his various maladies, she attended to plaintiff on August 16, 2010, at which time plaintiff's lip sore had gone away and that she treated plaintiff's digestive problems with medication. *Id.* at 1-2, ¶¶ 6-7. Defendant Hill's affidavit is supported with an August 16, 2010 medical record documenting this treatment. (Doc. 96, Ex. 1 at 5). Defendant Hill further states that following receipt of plaintiff's September 11, 2010 request for medical treatment due to stomach and lip problems, she treated plaintiff on September 13, 2010, and referred him to an advanced level provider for his nausea complaints but did not treat his lip, having observed no abnormalities. (Doc. 96, Ex. 1 at 2, ¶¶ 8-9). Again, defendant Hill's affidavit is supported by medical records documenting the described treatment. *Id.* at 8.

Plaintiff has failed to present sufficient evidence to sustain his deliberate indifference claim against defendant Hill. As to the objective component of the claim, plaintiff's complaints of nausea, vomiting, and diarrhea and lip sores are "minor maladies" and do not arise to the level of serious medical need "for which medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899. Consequently, plaintiff has the burden of demonstrating with evidence the seriousness of his injuries and the "detrimental effect of the delay in medical treatment." *Napier*, 238 F.3d at 742. Yet, plaintiff has failed to present any evidence establishing that he suffered any detriment at all resulting from defendant Hill's alleged failure to provide medical care. In fact, the unrebutted evidence submitted by defendants demonstrates that plaintiff's illnesses were resolved by October 2010. *See* Doc. 82, Ex. 5, ¶ 15. In the absence of any evidence supporting plaintiff's claim that his digestive illness and lip sores were serious medical conditions, plaintiff cannot establish the objective component of his deliberate indifference claim against defendant Hill.

Even if plaintiff had satisfied the objective component, his deliberate indifference claim against defendant Hill fails as he has not submitted sufficient evidence to establish the subjective component of his Eighth Amendment claim.  Plaintiff attests that for a two month period starting in July 2010, he experienced nausea, vomiting, and diarrhea and had welts or sores in his mouth and, further, that he was visited by an unidentified nurse[11] who did not treat him.  (Doc. 89 at 27-28).  Even viewing the facts in the light most favorable to plaintiff, his claim fails because plaintiff presents no evidence that defendant Hill knew that plaintiff's stomach problems and lip sore created a substantial risk of serious harm which she disregarded.  *Farmer*, 511 U.S. at 847.  Further, plaintiff attests that he was seen by a nurse twice for his complaints but that he did not deem adequate the treatment given.  (Doc. 89 at 27-28).  Such differences of opinion as to the necessity or adequacy of medical treatment are not enough to establish a constitutional violation.  *See Estelle*, 429 U.S. at 107-08; *Westlake*, 537 F.2d at 860-61 n.5.

As plaintiff has failed to provide evidence that he suffered any harm due to defendant Hill's purported disregard for his serious medical needs, he fails to satisfy the requirements for establishing a deliberate indifference claim.  Consequently, defendants' motion for summary judgment on plaintiff's Claim Four against defendant Hill should be granted.

### IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. 60) is **DENIED**;

2. Plaintiff's motion to take depositions (Doc. 68) is **DENIED**;

---

[11] Notably, plaintiff's affidavit fails to identify defendant Hill by name, thus, plaintiff has introduced no evidence that defendant Hill committed any constitutional violation.  This alone supports granting summary judgment in defendants' favor.  *See Ham v. Ward*, No. 3-97-cv-3191, 1999 WL 977756, at *3 (N.D. Tex. Oct. 26, 1999) (summary judgment is appropriate where plaintiff fails to present evidence identifying allegedly liable defendant).  However, given plaintiff's pro se status as well as the affidavit submitted by defendant Hill that she treated plaintiff during the time period at issue, the Court will continue its analysis of plaintiff's claim against

3. Plaintiff's motion for assistance of counsel (Doc. 69) is **DENIED**;

4. Plaintiff's motion for discovery (Doc. 86) is **DENIED**;

5. Plaintiff's motion to stay summary judgment (Doc. 87) is **DENIED**;

7. Plaintiff's motion to conduct discovery (Doc. 94) is **DENIED**; and

8. Defendants' motion to strike (Doc. 79) is **GRANTED** and the Clerk of Court is **DIRECTED** to strike plaintiff's reply to defendant Hill's answer to plaintiff's amended complaint, Doc. 75, from the record.

Further, **IT IS THEREFORE RECOMMENDED THAT:**

1. The State of Ohio's motion to dismiss defendants Lt. Adkins and Nurse Raub be **GRANTED**; and

2. The State of Ohio's and the individual defendants' motion for summary judgment be **GRANTED** on plaintiff's deliberate indifference claims against defendants Raub and Hill (Claims Two and Four) and on plaintiff's request for prospective injunctive relief, and be **DENIED** on plaintiff's excessive force claim against defendants Joseph and Eshem (Claim One).

Date: 12/19/12

Karen L. Litkovitz
United States Magistrate Judge

---

defendant Hill on the merits.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DWAYNE STOUTAMIRE,
    Plaintiff,

Case No. 1:11-cv-242

vs.

Beckwith, J.
Litkovitz, M.J.

LT. JOSEPH, *et al.*,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dwayne Stoudamire #532-253
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9524

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540